FILED
DEC 07 2010
United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>RAUL PADILLA MUNOZ,<br>GUADALUPE M. PADILLA,<br><br>           Debtor. | Case No. 10-52862-ASW |
| GUADALUPE M. PADILLA,<br><br>           Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A.<br><br>           Defendant. | Adv. No. 10-05119 |

**MEMORANDUM DECISION GRANTING
DEFENDANT'S MOTION TO DISMISS**

Before this Court is the motion of defendant J.P. Morgan Chase Bank, N.A. ("Defendant") to dismiss the adversary complaint of plaintiff Guadalupe Padilla ("Debtor"). On September 22, 2010, Debtor filed an interim objection requesting a sixty day continuance to allow the court to sign an order indicating the automatic stay existed as to the bankruptcy estate. That order was signed on October 4, 2010. Defendant re-noticed the motion for

December 7, 2010. Plaintiff has filed no other objections. For the following reasons, Defendant's motion is granted without leave to amend because the statutes of limitations for all of Debtor's causes of action have expired.

STANDARD OF REVIEW

The Ninth Circuit has stated that the standard of review for motions to dismiss is as follows:

> The nature of dismissal requires us to accept all allegations of fact in the complaint as true and construe them in the light most favorable to the plaintiffs. However we are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint, and we do not . . . necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.

Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) (citations and internal quotations omitted).

Further, the Ninth Circuit has held that "dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1296 (9th Cir. 1998) (citations and internal quotations omitted).

BACKGROUND

Debtor purchased a home located at 1174 Turtlerock Drive in San Jose, California ("the property") on April 6, 2005. Debtor obtained a mortgage loan from Washington Mutual Bank, F.A. ("WAMU") in the amount of $560,000.00 in connection with the property. On September 25, 2008, the Office of Thrift Supervision closed WAMU and appointed the FDIC as receiver. On the same date, Defendant entered into a purchase and assumption agreement with the FDIC acting in the FDIC's corporate capacity as well as receiver for

WAMU. A Notice of Default and Election to Sell Under Deed of Trust was recorded with the Santa Clara County Recorder's Office on July 20, 2009. A Notice of Trustee's Sale was recorded on October 23, 2009.

Debtor filed a chapter 13 bankruptcy case on March 23, 2010. The bankruptcy petition was filed, among other reasons, to stay the trustee's sale scheduled for the property. On May 12, 2010, The Fuller Law Firm substituted in as counsel for Debtor. This Court issued a temporary restraining order on May 19, 2010 enjoining the foreclosure sale.

On July 9, 2010, this Court held that Debtor's request for a preliminary injunction enjoining the foreclosure sale is unnecessary and moot. As this is Debtor's second bankruptcy filing within the past year, the automatic stay, pursuant to bankruptcy code section 362(c)(3), expired within 30 days of the commencement date of this case. Debtor failed to file a motion to re-impose the automatic stay, so there is no automatic stay as to the debtor in this case. However, the automatic stay is still in effect as to the bankruptcy estate.

ANALYSIS

Debtor's first cause of action asserts a breach of section 2601 of the Real Estate Settlement Procedures Act ("RESPA"). Specifically, Debtor argues that Defendant failed to provide Debtor with a good faith estimate within three days of submitting any loan application. However, courts have found that RESPA provides for a private right of action for violation of RESPA's provisions relating to kickbacks and referral fees, and for violation of RESPA's provisions relating to disclosures of possible assignment

or transfer of the loan, because such sections provide for treble damages and attorneys' fees. Bloom v. Martin, 865 F. Supp. 1377, 1383-1386 (N.D. Cal 1994). The Bloom court found that the remaining sections of RESPA did not contain any such provisions, and accordingly found no private right of action.

Debtor's first cause of action is based upon the allegation that RESPA was violated as Debtor was not provided with -- or timely provided with -- a good faith estimate. However, section 2604 of RESPA does not provide for such a private right of action, and thus Debtor's claim against Defendant for such a violation fails as a matter of law.

Debtor may argue that Defendant's failure to inform Debtor of the $11,200 yield spread paid to broker was a kickback under RESPA and thus a separate cause of action under section 2607. However, the statute of limitations for a claim based on section 2607 of RESPA is one year from the date of the occurrence of the violation. The violation occurred on March 25, 2005 when Defendant provided Debtor with the Truth in Lending disclosure. Debtor's claim was not brought until May 2010. As such, the statute of limitations for this claim expired four years ago.

Debtor's second cause of action asserting a breach of the Truth in Lending Act("TILA") -- is also time-barred. Debtor seeks a rescission of the loan or, in the alternative, civil penalties. 15 U.S.C. section 1635(f) provides that any claim for rescission must be brought within three years of consummation of the transaction or prior to the sale of the property, whichever occurs first. See also Murray v. Fifth Third Bank, 2007 WL 956916 (E.D. Mich. 2007). As such, Debtor's right to rescind the loan has

expired because more than three years have lapsed since consummation of the loan transaction. The loan transaction occurred in April of 2005, but Plaintiff brought this action in May of 2010, two years after the three-year statute of limitations had expired.

Debtor's claim under TILA for civil penalties is also barred by the statute of limitations. 15 U.S.C. section 1640(e) provides in relevant part:

> Any action under this section may be brought in any United States district court, or in any other court of competent jurisdictions, within one year from the date of the occurrence of the violation.

In Tucker v. Beneficial Mortg. Co., 437 F. Supp.2d 584, 589 (E.D. Va. 2006), the court held that the one-year statute of limitations period applying to claims for civil damages arising from TILA violations begins to run from the date of the complained violation. In this case, the date of the loan transaction is apparent from the recorded deed of trust. The loan transaction occurred in April 2005. Debtor did not bring this action until May 2010, four years after the one-year statute of limitations expired.

Debtor's third cause of action for a violation of the equal opportunity act under 15 U.S.C. section 1691(a) also fails as the statute of limitations has expired. By the act's express terms, the equal opportunity act is governed by a two-year statute of limitations. 15 U.S.C. § 1691e(f). Debtor claims any purported violation of the equal opportunity act occurred in the origination of the loan in April 2005. Debtor did not bring this action until May 2010, three years after the two-year statute of limitations expired.

Case: 10-05119   Doc# 36   Filed: 12/07/10   Entered: 12/09/10 13:47:57   Page 5 of 7
MEMORANDUM DECISION RE
MOTION TO DISMISS                           5

Debtor's fourth cause of action for a violation of the Fair Housing Act under 42 U.S.C. section 3601 also fails as the statute of limitations has expired. Section 3613(a) of the Fair Housing Act provides:

> An aggrieved person may commence a civil action in an appropriate United States district court or state court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice. . .

42 U.S.C. § 3613(a). In this case, the alleged "occurrence" in violation of the Fair Housing Act was the issuance of the loan. The loan closed in April of 2005. Debtor did not bring this action until May 2010, three years after the two-year statute of limitations expired.

Because each of Debtor's claims is time-barred, and there is no claim on which relief can be granted, it is clear that the complaint could not be saved by an amendment.

For the reasons set forth above, Debtor's complaint is dismissed without leave to amend. Counsel for Defendant shall prepare a proposed form of order consistent with this ruling and shall submit the proposed order to the Court after serving counsel for Debtor.

Dated: 12/7/10

ARTHUR S. WEISSBRODT
UNITED STATES BANKRUPTCY JUDGE

Court Service List

Guadalupe Padilla
1174 Turtlerock Drive
San Jose, CA 95122

Debtors' Attorney
Lars T. Fuller
THE FULLER LAW FIRM
60 North Keeble Avenue
San Jose, CA 95126


JP Morgan Chase Bank, N.A.
c/o Mark I. Kleinman
Senior Vice President
7255 Bay Meadows Way
Jacksonville, FL 32256-6851

S. Christopher Yoo
Alvardo Smith APC
1 MacArthur Pl. # 200
Santa Ana, CA 92707


Office of the U.S. Trustee / SJ
U.S. Federal Bldg.
280 S 1st St. #268
San Jose, CA 95113-3004

MEMORANDUM DECISION RE
MOTION TO DISMISS                                    7